UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY G. BLIFFEN,<br><br>        Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,<br>COMMISSIONER OF THE<br>SOCIAL SECURITY ADMINISTRATION,<br><br>        Defendant. | Case No. CV 07-1076-PJW<br><br>MEMORANDUM OPINION AND ORDER |

    Before the Court is Plaintiff's appeal of a decision by Defendant Social Security Administration ("the Agency"), denying his application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). For the reasons discussed below, the Agency's decision is reversed and the case is remanded for further proceedings.

    In July 2001, Plaintiff filed applications for SSI and DIB, alleging an onset date of March 30, 1997. (Administrative Record ("AR") 55-57.) Plaintiff claimed that he was disabled due to collapsed lungs, a reconstructed knee, and degenerative damage in his lower back. (AR 65.) On May 16, 2003, the Administrative Law Judge ("ALJ") denied his application. (AR 247-52.) Plaintiff appealed to the Appeals Council, which remanded the case to the ALJ, instructing

him to address a statement by Plaintiff's wife and the opinion of a consultative psychologist. (AR 258-59.)

The ALJ held a second administrative hearing on August 25, 2004. (AR 264-68.) In a decision that followed, the ALJ determined that Plaintiff was disabled as of July 25, 2001, and, therefore, was entitled to SSI from that date forward. (AR 19-23.) He also determined, however, that Plaintiff was not disabled at any time prior to July 25, 2001, and, therefore, was not entitled to DIB because his date last insured was March 31, 1997. (AR 19-23.) The ALJ did not address the wife's statement or the consulting doctor's opinion.

In his first and second claims of error, Plaintiff contends that the ALJ's decision should be reversed because he failed to follow the mandate of the Appeals Council and consider Plaintiff's wife's statement and the opinion of the consultative psychologist. (Joint Stip. at 3-6.) In Plaintiff's view, this failure, in and of itself, requires reversal, citing *Ruiz v. Apfel*, 24 F.Supp.2d 1045, 1050 n.7 (C.D. Cal. 1998). The Court rejects this argument. First, *Ruiz* does not stand for this proposition. What *Ruiz* can be read to require is that the Agency follow the order of the district court, which is typically transmitted by a remand order from the Appeals Council. Whether or not the ALJ adheres to the Appeals Council's remand order in a case like this, where the matter has not been presented to the district court, is really between the Appeals Council and the ALJ. This Court merely looks to the final decision of the Agency to determine whether the Agency has reached the right conclusion.

Underlying claims one and two, however, are two meritorious claims. First, Plaintiff points out that the ALJ failed to discuss a statement by Plaintiff's wife regarding his claimed disability.

Second, he notes that the ALJ failed to discuss the opinion of the consulting psychologist that Plaintiff was limited to simple and repetitive tasks. Clearly, the ALJ should have addressed these submissions. *See Stout v. Comm'r, Soc. Security*, 454 F.3d 1050, 1053 (9th Cir. 2006) (holding ALJ must consider lay witness testimony concerning a claimant's ability to work and may discount the testimony only if he gives reasons germane to each witness); *Lester v. Chater*, 81 F.3d 821, 830-31, 834 (9th Cir. 1995) (explaining ALJ can only reject the opinion of an examining doctor for specific and legitimate reasons that are supported by the record). This is particularly true where, as here, the Appeals Council sent the case back to the ALJ to consider this evidence, pointing out that he had failed to do so the first time.

     The Agency contends that the ALJ's omissions should be overlooked. It argues that this evidence did not relate to the relevant time frame--March 1997 and before--and, therefore, the ALJ was not required to address it. (Joint Stip. at 6.) The Court rejects these arguments for two reasons. First, it is not clear that the evidence has no relevance to Plaintiff's condition prior in March 1997. Second, though the Agency has offered plausible explanations as to why the ALJ did not address the evidence, there are numerous other plausible explanations that could also explain the ALJ's failures. Unfortunately for the Agency, the Court is not at liberty to guess as to why the ALJ did what he did, nor is the Agency. Instead, the Agency and the Court are limited to assessing the reasons set forth by the ALJ in his decision. *See Stout*, 454 F.3d at 1054 (noting court can only affirm ALJ's decision for reasons set forth by ALJ in decision). Where, as here, he has not provided any reasons for

ignoring the evidence, the Court is hard pressed to affirm the ALJ's decision. Though the Court recognizes that there is a limited exception to this rule where it is clear that the ALJ's error was harmless, the Court cannot say that the errors here are harmless. *Id.* at 1055 (defining harmless error as one where court "can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination."). For this reason, remand is required.

Finally, Plaintiff argues that the ALJ erred when he failed to include in the hypothetical question to the vocational expert the limitations described by Plaintiff's wife and the consulting psychologist. (Joint Stip at 13-14.) The Agency argues that the ALJ was not required to include these limitations because they were not relevant. Based on the Court's prior rulings herein, this issue is remanded to the ALJ for further consideration. If the ALJ determines that the wife's testimony and the consulting expert's opinion alter his findings as to Plaintiff's residual functional capacity in March 1997, the hypothetical question to the vocational expert should reflect this change. If the ALJ rejects this evidence, or determines that it does not alter his findings, a new hypothetical question would not be necessary.

For all these reasons, the ALJ's decision is reversed and the case is remanded for further proceedings consistent with this opinion.

IT IS SO ORDERED.

DATED: July 25, 2008.

/s/ Patrick J. Walsh
PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-Soc Sec\BLIFFEN, J 1076\Memo Opinion.wpd